IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL SHELTON HARRIS,

    Plaintiff,

v.                                                                                   No. 19-cv-472 MV-KBM

SHANE FERRARI,
TOM HAVEL,

    Defendants.

**ORDER DIRECTING AMENDMENT**

    This matter is before the Court on Plaintiff Daniel Shelton Harris' prisoner civil rights claims. Plaintiff is *pro se* and proceeding *in forma pauperis*. He initiated this case on May 21, 2019, while he was detained in the San Juan County Jail. Plaintiff used the form 42 U.S.C. § 1983 Complaint and raised a claim under the Eighth and Fourteenth Amendments. He alleges prison officials failed to protect him from attack by a fellow detainee. Plaintiff then filed seven appendices, notices, and supplemental pleadings. (Docs. 9, 11, 14, 16, 21, 24, 28). Some of the supplemental filings relate to the attack, and others relate to the deprivation of food, inadequate medical care, and interference with mail. In one supplemental filing, Plaintiff also requests another § 1983 form complaint and a blank habeas corpus petition. (Doc. 9 at 1). The Court cannot discern whether Plaintiff intended for any supplemental pleading to supersede his earlier filings, or whether he still intends to amend his claims.

    Accordingly, the Court will direct Plaintiff to file a single, amended § 1983 complaint within thirty (30) days of entry of this Order. The Clerk's Office will send Plaintiff a blank § 1983 complaint and § 2254 petition, as requested. However, Plaintiff is advised that he cannot raise habeas claims in this proceeding, and that he should only return the completed § 1983 form for use

in this case. Any habeas claims must be filed as a separate case. Plaintiff is further advised that the amended § 1983 complaint must comply with Fed. R. Civ. P. 8(a), which requires a short, plain statement of the grounds for relief. The amended complaint is subject to screening under 28 U.S.C. § 1915, and Defendants need not file a response until the Court determines the claims survive initial review. Aside from the amended complaint, the Court may disregard any supplemental filings submitted before the initial review process is complete. Courts are not required to "sort through a lengthy … complaint and voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). If Plaintiff fails to timely file a single, amended complaint, the Court will dismiss this case without prejudice for failure to prosecute.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Plaintiff shall file a single, legible amended complaint on the § 1983 form; and the Clerk's Office shall **MAIL** Plaintiff a blank § 1983 form and a blank § 2254 habeas petition.

_____
UNITED STATES MAGISTRATE JUDGE