# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DANIEL SHELTON HARRIS,

     Plaintiff,

v.                                 Case No. 19-cv-0472 MV-KBM

SHANE FERRARI, *et al,*

     Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Daniel Shelton Harris Amended *Pro Se* Prisoner Civil Rights Complaint (Doc. 33) (Amended Complaint).  Plaintiff was stabbed by a fellow detainee and alleges that prison officials failed to protect him from attack.  Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Amended Complaint does not show that any Defendant was involved in the incident or was subjectively aware of the risk of harm.  Accordingly, the Court will dismiss the Amended Complaint under 28 U.S.C. § 1915(e) but grant leave to amend.

## I.    Background[1]

Plaintiff was previously detained at the San Juan County Detention Center (the "Jail"). (Doc. 33 at 6).  On March 4, 2019, fellow detainee Ricky Stallings attacked Plaintiff and stabbed him in the chest with an ink pen.  *Id.* at 5.  Plaintiff informed Jail staff about the attack by pushing the emergency button in his cell.  *Id.* at 8.  Elsewhere in the Amended Complaint, he states that "everyone present saw what happened.  24 hour video; was recording."  *Id.* at 5.  After the attack, Jail officials photographed Plaintiff's injuries and took him to the medical department for treatment.

---

[1] The background facts are taken from the Amended Complaint (Doc. 33), which the Court accepts as true for the purpose of this ruling.

*Id.* at 5, 8.  Plaintiff has scars on his chest from the attack.  The San Juan County Sheriff's Office

filed charges against the attacker, Stallings, based on video evidence and witness statements.  *Id.*

at 8.

Construed liberally, the Amended Complaint raises claims under the Eighth and Fourteenth

Amendments for deliberate indifference to a serious risk of attack.  (Doc. 33 at 3).  The Amended

Complaint names two Defendants: (1) San Juan County Sheriff Shane Ferrari; and (2) Jail

Administrator Tom Havel.  *Id.* at 1-2.  Plaintiff seeks $1.5 million in actual and punitive damages.

He obtained leave to proceed *in forma pauperis* and filed an Amended Complaint (Doc. 33) on the

Court's official form, which now complies with Fed. R. Civ. P. 8(a).[2]  The Amended Complaint is

ready for initial review.

## II.    Standards Governing Initial Review

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma*

*pauperis* complaints.  The Court must dismiss any inmate complaint that is frivolous, malicious, or

"fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  The Court may

also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff

could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the]

complaint would be futile."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations

omitted).  The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as

true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

---

[2] The Court previously directed Plaintiff to use the official 42 U.S.C. § 1983 form complaint, as there were too many supplements and varying allegations to discern his claims or perform a screening function.  *See* Doc. 32.

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts should generally grant leave to amend unless amendment would be futile. *Id.*

## III. Discussion

Plaintiff's claims are analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

In this case, the only Defendants are San Juan County Sheriff Ferrari and Jail Administrator Havel. Aside from naming those Defendants in the caption, Plaintiff does not explain how either individual was aware of, or involved with, the attack by fellow detainee Stallings. The Amended Complaint therefore fails to state a claim under 42 U.S.C. § 1983. The Tenth Circuit counsels that

*pro se* plaintiffs should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990).  Accordingly, the Court will allow Plaintiff to amend his pleading within seventy-five (75) days of entry of this Order.  Plaintiff is advised that he must satisfy two components to state a failure-to-protect claim.  The second amended complaint must show that: "(1) 'the conditions of his incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  The instant pleading appears to satisfy the objective-harm component of the test, as Plaintiff was stabbed in the chest, so he should restate those details in his second amended complaint.

To satisfy the subjective component of the deliberate-indifference test, the amended complaint must include "evidence of [each individual] prison official's culpable state of mind." *Id.* at 751.  Each defendant must "know[] of and disregard[] an excessive risk to inmate … safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Notably, "[d]eliberate indifference does not require a finding of express intent to harm." *Mitchell v. Maynard*, 80 F.3d 1433, 1442 (10th Cir. 1996).  A plaintiff "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842.  In other words, "[t]o show the requisite deliberate indifference," a plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura*, 461 F.3d 1269,

4

1293 (10th Cir. 2006) (quoting *Farmer*, 511 U.S. at 847).

In the context of failure to protect cases, prison officials must be aware of specific facts that the attacker could be dangerous, beyond merely being disagreeable or having a history of psychological problems.  *See, e.g., Miles v. Conrad,* 805 F. App'x 607, 611 (10th Cir. 2020) (finding no constitutional violation where plaintiff "communicated several times with prison staff that [his] cellmate was stealing from him and that they were not getting along," but "none of the … reports indicate[d] aggressive or threatening behavior by" the attacker); *Leonard v. Lincoln Cty. Bd. of Comm'rs*, 790 F. App'x 891, 894 (10th Cir. 2019) (affirming dismissal of failure to protect claim where plaintiff generally described the attacker as a predator but went on to complain about the attacker changing the television channel and breaking his glasses); *Gray v. Sorrels*, 744 F. App'x 563, 570 (10th Cir. 2018) (complaint failed to state a claim even though prison doctors knew plaintiff's attacker/cellmate stopped taking his psychotropic medication, as there are were no specific warnings that the attacker could become violent).  Thus, any amended complaint should specify whether Plaintiff complained about Stallings prior to the attack, or what specific information suggested that Stallings posed a danger to Plaintiff.

The second amended complaint will be subject to screening under 28 U.S.C. § 1915(e). The Court will direct the Clerk's Office to mail Plaintiff a copy of the form 42 U.S.C. § 1983 complaint, which Plaintiff should label as "second amended complaint."  If Plaintiff fails to timely file a second amended complaint, or files an amendment that fails to state a cognizable claim, the Court will dismiss this case with prejudice and without further notice.

**IT IS ORDERED** that Plaintiff's Amended *Pro Se* Prisoner Civil Rights Complaint (**Doc. 33**) is **DISMISSED without prejudice** for failure to state a cognizable claim under 28 U.S.C. §

1915(e); and Plaintiff may file an amended complaint **within seventy-five (75) days** of entry of this Order.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form 42 U.S.C. § 1983 complaint.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE