## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DANIEL SHELTON HARRIS,

     Plaintiff,

v.                                          Case No. 19-cv-0472 MV-KBM

SHANE FERRARI, *et al*,

     Defendants.

### ORDER TO FILE ANSWER AND *MARTINEZ* REPORT

This matter is before the Court on Plaintiff's Amended Civil Rights Complaint filed January 4, 2021 (Doc. 36) (Amended Complaint).   Plaintiff was stabbed by a fellow detainee (Ricky Stallings) at the San Juan County Detention Center.   He alleges prison officials failed to protect him from attack.   The Court (Hon. Martha Vazquez) previously reviewed these claims under 28 U.S.C. § 1915(e) and determined Plaintiff failed to show any Defendant was involved in the incident or subjectively aware of the risk of harm.   (Doc. 34).   Plaintiff was granted leave to file an amended pleading to cure this deficiency.   The Amended Complaint alleges "San Juan County Correctional Officer (Sheriff) Shane Ferrari and Warden Tom Havel had direct knowledge of Ricky Stalling's violent history," but housed him in general population.   (Doc. 36 at 3).   Plaintiff further alleges that before he was stabbed, Stallings assaulted other inmates and a correctional officer, but Havel "continued to allow Stallings of his cell daily to assault [Plaintiff]."   *Id.* at 4.   Based on these additional allegations, the Court finds the Amended Complaint is not subject to summary dismissal under 28 U.S.C. § 1915(e) or Fed. R. Civ. P. 12(b)(6).

Defendants Ferrari and Havel have already appeared in the case, through counsel.   The Court will order those Defendants to file an answer to the Amended Complaint (Doc. 36) within

thirty (30) days of entry of this Order.   To move the case forward, and in lieu of traditional discovery, the Court will also order a *Martinez* report.   *See Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978).   A *Martinez* report is "a court-authorized investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for [the] claims."   *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).   The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment.   *Id.* at 1109-13.   Plaintiff will be given an opportunity to present conflicting evidence to controvert the facts set out in the report.   *Id.* at 1109.

The *Martinez* report must address the allegations against Defendants as well as any defenses raised in their answer that they wish to pursue.   The report must:

1) include a written brief that discusses Plaintiff's claims. Factual assertions in the briefs must be supported by proof, such as affidavits or documents.   *See Hayes v. Marriott*, 70 F.3d 1144, 1147-48 (10th Cir. 1995).   The brief can take the form of a memorandum in support of a summary judgment motion, if Defendants seek summary judgment on the claims.

2) state whether records pertaining to the allegations exist.

3) state whether policies or regulations addressing the allegations exist. and

4) include, as attachments, copies of the relevant records, policies, or regulations. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176-77 (D.N.M. 2006).

Defendants must file the *Martinez* report of record and serve a copy on Plaintiff by **March 5, 2021**.   Plaintiff must file his response or objections to the report by **April 5, 2021**.   If the *Martinez* report is accompanied by a motion for summary judgment, Plaintiff's response must also

address that motion.   Defendants may file an optional reply by **April 19, 2021**.

The Court reiterates that the *Martinez* report may be used in deciding whether to make a dispositive ruling on summary judgment.   Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE